Argued and submitted May 6, 2013, affirmed February 12, petition for review denied August 7, 2014 (355 Or 880)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

WILLARD ALLEN RICHARDSON,
*Defendant-Appellant.*

Clatsop County Circuit Court
101220; A148750

323 P3d 311

Per C. Olson argued the cause for appellant. With him on the brief was Hoevet, Boise & Olson, P.C.

Ryan P. Kahn, Assistant Attorney General, argued the cause for respondent. With him on the brief were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Before Wollheim, Presiding Judge, and Duncan, Judge, and Schuman, Senior Judge.

SCHUMAN, S. J.

## SCHUMAN, S. J.

Defendant appeals his conviction on two counts of using a child in a display of sexually explicit conduct, ORS 163.670, and one count of first-degree encouraging child sexual abuse, ORS 163.684.[1] The conviction was based on photographs found in defendant's home. In one, Exhibit 1, a fully clothed child is standing near defendant and a woman who are both nude and in a highly sexualized situation. The child is apparently looking at defendant's exposed, erect penis. In another photograph, Exhibit 3, the adults are again engaged in sexual activity; the fully clothed child is standing near the woman's left side. One of the child's hands is touching defendant's leg and the other hand is reaching toward defendant.

The case presents two closely related issues. The first is whether, for purposes of the crime of using a child in a display of sexually explicit conduct, the images show the child "participat[ing] or engag[ing] in" such conduct and that defendant "permitt[ed]" that participation. The second is whether those same images depict "sexually explicit

---

[1] ORS 163.670(1) (2009) provided:

"A person commits the crime of using a child in a display of sexually explicit conduct if the person employs, authorizes, permits, compels or induces a child to participate or engage in sexually explicit conduct for any person to observe or to record in a photograph, motion picture, videotape or other visual recording."

ORS 163.684 (2009) provided, in part:

"(1) A person commits the crime of encouraging child sexual abuse in the first degree if the person:

"(a)(A) Knowingly develops, duplicates, publishes, prints, disseminates, exchanges, displays, finances, attempts to finance or sells any photograph, motion picture, videotape or other visual recording of sexually explicit conduct involving a child or possesses such matter with the intent to develop, duplicate, publish, print, disseminate, exchange, display or sell it; or

"(B) Knowingly brings into this state, or causes to be brought or sent into this state, for sale or distribution, any photograph, motion picture, videotape, or other visual recording of sexually explicit conduct involving a child; and

"(b) Knows or is aware of and consciously disregards the fact that creation of the visual recording of sexually explicit conduct involved child abuse."

ORS 163.670 (2009) and ORS 163.684 (2009) were in effect at the time of the charged activity. Both statutes were amended in 2011, Or Laws 2011, ch 515, §§ 2, 3. The amendments make no changes that are relevant to this appeal, and references throughout are to the 2009 versions.

conduct involving a child." Defendant moved for a judgment of acquittal (MJOA), arguing that the two photographs were insufficient to convict him of either offense. The court denied the motion and found defendant guilty. Defendant appeals. We conclude that there was evidence from which a trier of fact could reasonably find that the child was both participating and engaging in the sexually explicit conduct, that defendant permitted that participation, and that the conduct "involv[ed]" the child.[2]

The following facts are undisputed. In July 2010, defendant was admitted to a hospital for medical issues related to alcohol use. While he was recovering, his daughter would periodically visit his residence to bring him changes of clothes and to check on his dog. She would also look around the house and remove any alcohol or firearms that she found. During one of those visits, in looking through one of her father's toolboxes, she saw "a wad of something stashed in there." Upon closer inspection, she realized that she had found photographs wrapped in a clear plastic bag. The photos were of her father engaged in various sexual acts with a woman. Several of the photographs also showed a child who appeared to be around one year old, whom defendant's daughter identified as the photographed woman's son. Defendant's daughter immediately turned the photographs over to police.

At trial, the state submitted several of the photographs as evidence. Exhibit 1[3] was taken from defendant's point of view and shows a woman either about to engage in, or having recently engaged in, oral-genital contact with defendant. The child, fully clothed, is standing to the left of the woman, looking at defendant's visibly exposed penis. The woman is unclothed, facing defendant, and pushing the child away with her arm. Defendant and the woman are not touching each other.

---

[2] On appeal, defendant concedes that he took the photographs and that they show sexually explicit conduct. He takes issue with whether he *permitted* the child to *participate or engage* in that conduct, and whether the conduct *involved* the child.

[3] Exhibits 1 and 2 are identical, except that the upper left hand corner of Exhibit 2 is partially covered by a gray square, which appears to be a printing error. Hereafter, references to Exhibit 1 also include Exhibit 2.

Exhibit 3 was also taken from defendant's vantage point. The same woman, again unclothed, is engaging in oral-genital contact with defendant. The same child who appears in Exhibit 1 is fully clothed, standing to the left of the woman near her elbow, and looking at the sex act. One of the child's hands is touching defendant's naked leg and the other appears to be reaching towards defendant. The child is wearing different clothes and appears to be younger than in Exhibit 1.

Defendant introduced another photograph that his daughter found in the toolbox. That photograph, Defendant's Exhibit 101, depicts a similar sex act. The child is again present, but, unlike in the state's exhibits, the child is not watching the sex act. Rather, he is crawling near an open closet door at the back of the room. The child is wearing the same clothes that he wore in the state's Exhibit 1, suggesting the photographs are from the same incident.

During trial to the court, the woman from the photograph testified that she did not remember pictures being taken, explaining that she "tried to block most of it out." She also identified defendant as the man in the photographs and as the photographer. She denied that she would "involve" the child in any of her sexual encounters with defendant and said that she did not permit the child to approach their sex acts. Furthermore, she testified that she could not remember defendant doing anything to "induce" the child to approach. Likewise, she could not remember defendant touching the child or ever suggesting that he wanted the child to be involved in their sex acts.

At the close of the state's case, defendant made a MJOA, arguing that Counts 1 and 2 should be dismissed because ORS 163.670 requires the state to establish that defendant "employ[ed], authorize[d], permit[ted], compel[led] or induce[d]" the child to "participate or engage in sexually explicit conduct for any person to *** record *** in a visual recording," and that there was no evidence that defendant had done so. Defendant also argued that Count 4, first-degree encouraging child sexual abuse, ORS 163.684, should be dismissed, noting that the term "child abuse" is defined for purposes of that statute as "conduct that

constitutes * * * a crime in which the victim is a child." ORS 163.665(2). According to defendant, there was no evidence of any crime actually being committed against the child depicted in the photographs because "there [has] been no testimony whatsoever that the child actually engaged in any sexual activities."

The trial court denied defendant's motions and ultimately found him guilty of two counts of violating ORS 163.670 for permitting a child to participate or engage in sexually explicit conduct in order to photograph the child— one count based on Exhibit 3 (child touching defendant's leg) and one count based on Exhibit 1 (child observing defendant and woman). The court also found defendant guilty of one count of violating ORS 163.684, encouraging child sexual abuse, because Exhibit 3 established that defendant "print[ed]" a "photograph of sexually explicit conduct involving a child" and that defendant "knew or was aware of and consciously disregarded the fact that creation of the photograph of sexually explicit conduct involved child abuse."[4]

This appeal ensued. We review the court's denial of an MJOA to determine whether, viewing the evidence in the light most favorable to the state, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Hall*, 327 Or 568, 570, 966 P2d 208 (1998). We review express or implied findings of fact to determine whether they are supported by constitutionally adequate evidence. *State v. Langford*, 260 Or App 61, 317 P3d 905 (2013). On appeal, as noted, defendant does not dispute that the photographs show sexually explicit conduct occurring between defendant and the adult woman. Nor does he dispute that he recorded that conduct in a photograph. Rather, he argues that the evidence does not support the determination that he permitted or authorized the child to be photographed and that none of the photographs shows the child participating or engaging in the sexually explicit conduct. Thus, the outcome in the present case depends not only on questions of fact, but also on the meaning of various statutory terms—child abuse, permit, participate in, engage

---

[4] The court found defendant not guilty of several other charges that are not relevant to this appeal.

in, and involve. Those are questions of statutory interpretation that we review for legal error. *State v. Spainhower*, 251 Or App 25, 27, 283 P3d 361 (2012).

In defendant's first assignment of error, he challenges the court's determination that Exhibit 3 (child touching defendant's leg while defendant and woman are engaging in oral-genital contact) was sufficient evidence from which a factfinder could infer that defendant *permitted* the child to *participate* or *engage* in sexually explicit conduct in violation of ORS 163.670. That trial court determination ultimately led to defendant's conviction on Count 1.

As defendant acknowledges, we have held that, in enacting ORS 163.670, the legislature intended the term "permit" to convey a broad meaning. We noted in *State v. Porter*, 241 Or App 26, 30, 249 P3d 139, *rev den*, 350 Or 530 (2011), that "'permit' can be used to denote a narrow concept, such as express consent, but it also can mean something less than express consent, such as 'tolerate' or make 'possible.'" After examining our interpretations of that term in other statutes and the statutory context in which that term appears, we concluded that the "legislature intended 'permit' to convey the broader meaning of 'allow' or 'make possible.'" *Id.* at 35. Thus, the "permits" element of the crime is satisfied if there is sufficient evidence that a defendant simply allowed a child to engage or participate in the sexually explicit conduct. Because it is undisputed that defendant took the photographs in question, there is no doubt that defendant permitted the conduct shown in those photographs. The question remains, however, as to whether those photographs show the child "participat[ing] or engag[ing] in" the sexually explicit conduct that is pictured.

"Engage" and "participate" are not statutorily defined. Webster's, however, defines participate as "to take part in something (as an enterprise or activity) usu. in common with others." *Webster's Third New Int'l Dictionary* 1646 (unabridged ed 2002). Similarly, "engage" means "to involve or entangle (as a person) in some affair or enterprise." *Id.* at 751. Based on the foregoing, defendant argues that ORS 163.670 requires that "the child, whether forcibly or not, must be himself partaking in the sexually explicit conduct

\*\*\* in such a way that one may characterize the participation as something more than simply having close proximity to two consenting adults who themselves are directly and principally involved in a sex act."

In support of that argument, defendant cites *State v. Stoneman*, 323 Or 536, 920 P2d 535 (1996). In *Stoneman*, the Supreme Court also commented that ORS 163.670 (1987) "described the basic and most serious kind of harm" covered by the section of the criminal code addressed toward child pornography. *Id.* at 547. That is, ORS 163.670 expresses "the state's determination to deter the harm that arises from participation of children in sexually explicit conduct for the purpose of visual recording." *Id.* at 548. Based on the text of the statute and the legislative history expressed in *Stoneman*, defendant concludes that the phrase "to participate or engage in" requires a child's "active engagement or participation" in the sexually explicit conduct. Defendant then concludes that neither Exhibit 3 nor the testimony of the woman in that photograph "establish[es] the sort of active engagement or participation that ORS 163.670 requires."

We agree with defendant only up to a point. He is no doubt correct that mere proximity to, or observation of, sexually explicit conduct is not sufficient to prove that a child is participating or engaging in that conduct. However, a viewer of Exhibit 3 could reasonably infer that the photograph shows more than mere proximity and observation. Significantly, the child is touching one of the persons who is unequivocally engaged in sexual conduct. Further, even if that touching itself did not support a finding of engagement or participation, under the relevant definitions, a person can be a participant in, or can become engaged in, an activity even if the person himself or herself does not actively exercise his or her volition to participate; a person can become a participant by virtue of another participant's actions. For example, if a bank robber hijacks an unwitting motorist and demands to be taken to an address, the motorist can be seen as a participant—albeit an innocent one—in the crime; it could be said that the robber "engaged" the motorist in the robbery.

Further, as the state argues, a reasonable trier of fact could conclude that the child in Exhibit 3 was "participating in" or had been "engaged in" the sexual act because there is sufficient evidence that defendant acted with a sexual purpose when he photographed the child. According to the state,

"a rational juror could infer that, if the child had suddenly and unexpectedly approached defendant and [the woman] while they were in midst of sexual acts, defendant would not have taken pictures of the child in that position; certainly, he would not have done so on two separate occasions. The fact that he *did* take pictures, and the fact that the child's placement in the pictures is not incidental, supports the reasonable inference that he himself viewed the victim as being a party to the sexual act."

(Emphasis in original.) We agree.

It is uncontested that defendant is responsible for actually taking the photograph that is Exhibit 3. Therefore, it is possible to infer defendant's state of mind from the photograph itself. Specifically, a finder of fact could reasonably infer that defendant was aware of the child's presence and deliberately included the child in the photograph. In Exhibit 3, as noted, the child is actually touching defendant. Moreover, defendant made the conscious decision to retain the photographs, stashing them along with his collection of other sexually explicit material. We conclude, in sum, that the court did not err in denying defendant's MJOA with respect to Exhibit 3, that is, in determining that Exhibit 3 provided sufficient evidence to support the determination that defendant violated ORS 163.670 by permitting the child to be photographed while participating in or engaged in sexual conduct. We therefore affirm defendant's conviction on Count 1.

We reach the same conclusion with respect to defendant's second assignment of error, in which he challenges the court's determination that Exhibit 1 was sufficient evidence from which a factfinder could reasonably infer that defendant violated ORS 163.670. The only relevant difference between Exhibit 1 and Exhibit 3 is that, in the former photograph, the woman appears to be pushing the child

away or holding him off, whereas in the latter, no such action is apparent. That difference, however, might indicate that the woman did not want to make the child a participant in sexual conduct, but it does not eliminate the inference that defendant did. We affirm defendant's conviction on Count 2.

In defendant's third assignment of error, he challenges the denial of his MJOA on Count 4, which was based on Exhibit 3 and alleged first-degree encouraging child sexual abuse. At trial, the state's theory was that defendant knowingly developed and printed the photographs depicting explicit conduct involving a child. Defendant argues that the evidence presented at trial was insufficient to support a conviction under that statute for three reasons. First, defendant argues that there was no evidence that he "developed or printed" the photographs in question. Yet, defendant does not dispute that he captured the original images with a camera. There is also no dispute that duplicates of those images, in the form of printed photographs, were later discovered in defendant's toolbox in his residence. Defendant's ability to access the original versions and the fact that he possessed duplicate versions of the originals allows the trier of fact to infer that defendant was responsible for developing or printing the photographs. *Accord State v. Betnar*, 214 Or App 416, 166 P3d 554 (2007).

Second, defendant argues that that the photographs did not depict sexually explicit conduct "involving" a child. Defendant notes that "'involve' brings to mind the same connotations as the terms 'participate in' and 'engage in.'" We agree that conduct "involving" the child is more or less synonymous with conduct in which the child participated or was engaged to participate in. Thus, our resolution of defendant's first and second assignments of error requires us to reach a similar conclusion with respect to defendant's third assignment of error.

Finally, defendant argues that there was no evidence that the creation of the photograph "involved child abuse" as required by ORS 163.684(1)(b). As the state points out, however, there is an easy answer to that argument. Child abuse is broadly defined by ORS 163.665(2), including the use of the term in ORS 163.684, as "conduct that constitutes, or

would constitute if committed in this state, a crime in which the victim is a child." Because we have already determined that the creation of Exhibit 3 involved using a child victim in a display of sexually explicit conduct, 261 Or App at 104, we readily conclude that a reasonable trier of fact could have determined that the image "involved child abuse." We therefore also conclude that the trial court properly dismissed defendant's motion for a judgment of acquittal on Count 4.

Affirmed.