Argued and submitted October 31, 2014, affirmed April 1, 2015

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

LEVI JACK HUNT,
*Defendant-Appellant.*

Grant County Circuit Court
1208199CR; A153151

346 P3d 1285

Erik M. Blumenthal, Deputy Public Defender, argued the cause for appellant. With him on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Jeff J. Payne, Assistant Attorney General, argued the cause for respondent. With him on the brief were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Before Lagesen, Presiding Judge, and Haselton, Chief Judge, and Armstrong, Judge.*

LAGESEN, P. J.

---

* Haselton, C. J., *vice* Wollheim, S. J.

## LAGESEN, P. J.

On appeal from a judgment of conviction for two counts of rape in the second degree, one count of sexual abuse in the first degree, and one count of attempted use of a child in a display of sexually explicit conduct, defendant assigns error to the trial court's denial of his motion for judgment of acquittal on the charge of attempted use of a child in a display of sexually explicit conduct. He argues that, in denying the motion for judgment of acquittal, the trial court erroneously interpreted the word "permits" in ORS 163.670(1),[1] and asserts further that, if the statute is correctly construed, the evidence is insufficient to support his conviction for attempting to violate it. He also assigns error to the trial court's failure to *sua sponte* strike purported "vouching" evidence. We affirm, concluding that the trial court's construction of ORS 163.670(1) is correct under our decisions in *State v. Porter*, 241 Or App 26, 249 P3d 139, *rev den*, 350 Or 530 (2011), and *State v. Richardson*, 261 Or App 95, 323 P3d 311, *rev den*, 355 Or 880 (2014), and that the trial court did not plainly err in failing to strike "vouching" evidence.

## I. FACTS

Defendant was charged by information with two counts of rape in the second degree, in violation of ORS 163.365; two counts of sexual abuse in the first degree, in violation of ORS 163.427(1)(a)(A); one count of online sexual corruption of a child in the first degree, in violation of ORS 163.433; and one count of attempted use of a child in a display of sexually explicit conduct, in violation of ORS 161.405 and ORS 163.670. With respect to the count of attempted use of a child in a display of sexually explicit con- · duct, the information alleged that defendant "did unlawfully attempt to permit [M], a child, to engage in sexually explicit

---

[1] ORS 163.670 defines the offense of using a child in a display of sexually explicit conduct. It provides:

"(1) A person commits the crime of using a child in a display of sexually explicit conduct if the person employs, authorizes, permits, compels or induces a child to participate or engage in sexually explicit conduct for any person to observe or to record in a visual recording.

"(2) Using a child in a display of sexually explicit conduct is a Class A felony."

conduct for a person to observe[.]" The charges arose when an investigation conducted by the Grant County Sheriff's Department revealed that defendant had become involved in a romantic relationship with 13-year-old M, which eventually turned sexual; defendant was 25 years old at the time the relationship started.

During trial, Deputy Burgett, who was involved in the investigation of defendant, recounted his interviews with M. In response to a question from the prosecutor about whether Burgett wished that he had spent more time trying to get more detail from M about characteristics of defendant that would be known only to someone who was intimate with defendant, Burgett stated:

> "Honestly, it was at the point where she finally was coming forward with, you know, her statements as far as that they had had sex, and I asked—it was just a general question as I was covering my bases. I thought the information she gave me was just the best of her knowledge at the time."

Defendant did not object to the admission of that testimony, and the trial court did not strike it.

As to the charge that defendant attempted to "permit" M to engage in a display of sexually explicit conduct within the meaning of ORS 163.670(1), the state sought to prove that charge through evidence that defendant had sent M a text message asking her to send him a "naughty" picture of herself. Specifically, the state relied on evidence of the following text-message conversation between defendant and M, together with other evidence that defendant and M had been in a sexual relationship, to establish that defendant had attempted to "permit" M to engage in sexually explicit conduct:

> "[Defendant:]   Go send me a pic in the bathroom, Baby.
>
> "[M:]   What kind of one?
>
> "[Defendant:]   Naughty."

At the close of the state's case, defendant moved for a judgment of acquittal on the two counts of sexual abuse and the one count of attempted use of a child in a display of sexually explicit conduct. With respect to the attempted

use of a child in a display of sexually explicit conduct count, defendant argued that, as a predicate matter, "permit" first requires an "authority to forbid." Defendant further argued that, if the statute was construed in that manner, the evidence was insufficient to permit the jury to find that defendant's conduct constituted an attempt to "permit" M to engage in sexually-explicit conduct for a person to observe. The trial court rejected that argument, concluding that "permit" for purposes of ORS 163.670 means, among other things, to "make possible." The trial court further reasoned that "asking someone to send you a picture to their phone is making it possible for it then to be displayed." The trial court denied the motion for judgment of acquittal, and the jury convicted defendant on two counts of rape in the second degree, one count of sexual abuse in the first degree, and one count of attempted use of a child in a display of sexually explicit conduct.

On appeal, defendant challenges both (1) the trial court's denial of his motion for a judgment of acquittal as to the count of attempted use of a child in a display of sexually explicit conduct, and (2) the trial court's failure to exclude the deputy's testimony that he thought "the information [M] gave [him] was just the best of her knowledge at the time."

## II.  STANDARDS OF REVIEW

We generally review the denial of a motion for a judgment of acquittal "by examining the evidence in the light most favorable to the state to determine whether a rational trier of fact, accepting reasonable inferences and reasonable credibility choices, could have found the essential element of the crime beyond a reasonable doubt." *State v. Cunningham*, 320 Or 47, 63, 880 P2d 431 (1994), *cert den*, 514 US 1005 (1995). "The issue is not whether we believe [a] defendant is guilty beyond a reasonable doubt, but whether there was sufficient evidence for a jury to so find." *State v. Hall*, 327 Or 568, 570, 966 P2d 208 (1998). In analyzing the sufficiency of the evidence, "we make no distinction between direct and circumstantial evidence as to the degree of proof required." *Id.*

To the extent, however, that "the dispute [on review of a ruling on a motion for a judgment of acquittal] centers on the meaning of the statute defining the offense, the issue is one of statutory construction." *State v. Wray*, 243 Or App 503, 506, 259 P3d 972 (2011). Statutory construction presents a question of law, *id.*, which we review for legal error, *Providence Health System v. Walker*, 252 Or App 489, 494, 289 P3d 256 (2012), *rev den*, 353 Or 867 (2013).

As to defendant's contention that the trial court plainly erred when it did not *sua sponte* strike the challenged testimony, we review to determine whether the alleged error qualifies as plain error and, if it does, whether to exercise our discretion to correct it. An error is plain if (1) the error is one of law; (2) the error is "not reasonably in dispute"; and (3) the error appears on the record, meaning that "[w]e need not go outside the record or choose between competing inferences to find it." *State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990). In deciding whether to exercise our discretion to correct an error that qualifies as plain error, we apply the nonexclusive factors articulated by the Supreme Court in *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 823 P2d 956 (1991). Those include

> "the competing interests of the parties; the nature of the case; the gravity of the error; the ends of justice in the particular case; how the error came to the court's attention; and whether the policies behind the general rule requiring preservation of error have been served in the case in another way[.]"

*Id.* at 382 n 6.

## III.  ANALYSIS

We first address defendant's contention that the trial court erred in denying his motion for judgment of acquittal on the charge of attempted use of a child in a display of sexually explicit conduct. Defendant argues that, in denying the motion, the trial court misconstrued the word "permits" in ORS 163.670. Specifically, he contends that, as a matter of statutory interpretation, "[t]o 'permit' a child's conduct [under ORS 163.670], a defendant must [1] have authority over the child or [2] commit an act that

affirmatively empowers the child to engage in the conduct." Further, defendant argues that there was not sufficient evidence from which a jury could find that either of those circumstances was present here, and that, consequently, the trial court was required to grant his motion for judgment of acquittal.

We reject defendant's arguments under our decisions in *Porter* and *Richardson*. In *Porter*, after conducting a full analysis of the term "permits" in ORS 163.670, we concluded that "the legislature did not intend to limit liability to those with a legal relationship to the child; rather, * * * the legislature intended 'permit' to convey the broader meaning of 'allow' or 'make possible.'" 241 Or App at 35. Based on that interpretation of the word "permits," we concluded that evidence that a child was sexually abused in a room in the defendant's house while the defendant was present in the room was sufficient to prove that the defendant "permitted" the use of the child in a sexually explicit display under ORS 163.670. *Id.* Similarly, in *Richardson*, we again recognized that the legislature intended the word "permits" in ORS 163.670 to be construed broadly. We explained that "the 'permits' element of the crime is satisfied if there is sufficient evidence that a defendant simply allowed a child to engage or participate in the sexually explicit conduct" and concluded that evidence that the defendant had taken photographs in which a child appeared next to adults engaging in sex acts was sufficient to establish that the defendant had "permitted" the child to be used in the display depicted by the photographs. *Richardson*, 261 Or App at 101.

In the light of our conclusion in *Porter* and *Richardson* that the word "permits" in ORS 163.670 means "allows" or "makes possible," the trial court properly denied defendant's motion for judgment of acquittal on the charge of attempted use of a child in a display of sexually explicit conduct. "A person is guilty of an attempt to commit a crime when the person intentionally engages in conduct which constitutes a substantial step toward commission of the crime." ORS 161.405(1). To constitute a "substantial step" towards the commission of a charged offense, a defendant's conduct must "(1) advance the criminal purpose charged and

(2) provide some verification of the existence of that purpose." *State v. Walters*, 311 Or 80, 85, 804 P2d 1164, *cert den*, 501 US 1209 (1991). Here, the evidence that defendant developed a romantic relationship with a child and, in the context of that relationship, asked the child to take and send to him a sexually explicit photograph of herself, would permit a rational factfinder to find that defendant took a "substantial step" toward the criminal objective of allowing or making it possible that a child would be used in a sexually explicit display.

Defendant acknowledges our holding in *Porter*,[2] but argues that a subsequent decision by the Supreme Court, *State v. McBride*, 352 Or 159, 281 P3d 605 (2012), has "undermined" *Porter*. We disagree. *McBride* addressed the meaning of the word "permits" in the context of the child-endangerment statute, ORS 163.575, which penalizes someone who "'permits a person under 18 years of age to enter or remain in a place' where illegal drug activity is occurring," not the meaning of the word "permits" under ORS 163.670. 352 Or at 164-69. Although the court construed the word "permits" for purposes of that statute more narrowly than we have construed the term for purposes of ORS 163.670, it did so based on considerations of text, context, and legislative history specific to ORS 163.575. *See generally id.* at 164-69. That analysis does not suggest that our interpretation of ORS 163.670 in *Porter*, which scrutinized the text and context of that statute, was "plainly wrong." *See Aguilar v. Washington County*, 201 Or App 640, 648, 120 P3d 514 (2005) (explaining that we ordinarily regard our own prior interpretations "as binding precedent unless they are plainly wrong"). Accordingly, we adhere to the interpretation of ORS 163.670 that we announced in *Porter* and reiterated in *Richardson*.

We turn to defendant's contention that the trial court plainly erred when it did not strike, *sua sponte*, Burgett's testimony that, when he was interviewing M about defendant's unique physical characteristics, "the information she gave [him] was just the best of her knowledge at the time." Defendant contends that that testimony constituted

---

[2] We decided *Richardson* after briefing was completed in this matter.

"vouching" testimony, and that the trial court was obligated to strike it even absent an objection from defendant.

Although "[w]e have concluded that it is plain error for a trial court not to strike explicit vouching testimony *sua sponte*," *State v. Wilson*, 266 Or App 481, 491, 337 P3d 990 (2014), we conclude that the trial court did not plainly err under the circumstances present here. As we have explained, "[e]ach of the cases in which we have held that a trial court should have excluded evidence *sua sponte* * * * has involved 'true' vouching evidence, that is, one witness's testimony that he or she believes that another witness is or is not credible, which a party offers to bolster or undermine the veracity of that other witness." *State v. Corkill*, 262 Or App 543, 552, 325 P3d 796, *rev den*, 355 Or 751 (2014). Consequently, it is not "plain" that a trial court errs when it does not *sua sponte* strike evidence that is not "true vouching" evidence. *Wilson*, 266 Or App at 492.

Here, the challenged statement by Burgett does not constitute "true vouching" testimony. Viewed in context, the statement does not comment on M's credibility but, instead, explains why Burgett did not more intensely question M about defendant's physical attributes. Put another way, the statement "did not supplant the jury's assessment of [M]'s credibility." *Id.* at 493. As a result, the trial court did not plainly err when it did not strike it on its own initiative.

Affirmed.