Argued and submitted June 21, affirmed July 20, petition for review allowed
November 3, 2016 (360 Or 568)
See later issue Oregon Reports

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ROBERT L. BRANCH,
aka Robert Lee Branch, Jr.,
aka Rueben Netzer,
*Defendant-Appellant.*

Jackson County Circuit Court
14CR00250; A158214

381 P3d 1082

Brett Allin, Deputy Public Defender, argued the cause for appellant. With him on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Shannon T. Reel, Assistant Attorney General, argued the cause for respondent. With her on the brief were Ellen F. Rosenblum, Attorney General, and Paul L. Smith, Deputy Solicitor General.

Before Ortega, Presiding Judge, and Lagesen, Judge, and Garrett, Judge.

**LAGESEN, J.**

Defendant appeals a judgment of conviction for the misdemeanor of initiating a false report, ORS 162.375,[1] among other offenses. He assigns error to the trial court's denial of his motion for a judgment of acquittal on that offense. We affirm.

Defendant was driving while intoxicated and rear-ended another driver, Austin. Although defendant initially stopped to exchange information with Austin, he left the scene when Austin went into a nearby store to get a pen. Austin called the police and reported defendant's conduct and license plate number. Deputy Lance responded to Austin's location, while Deputies Brackett and Duke went to defendant's house, which they were able to locate based on Austin's report of defendant's license plate number.

Duke interviewed defendant regarding the incident. In response to Duke's question as to why he had left the scene, defendant stated that Austin had pulled a gun on him. Duke then relayed that information to Lance because he was concerned for Lance's safety. Lance searched Austin and his car for a gun, but did not find one. Austin, who had a license to carry a concealed firearm, denied that he was carrying a gun that day.

Lance then went to defendant's house to follow up regarding defendant's allegation that Austin had brandished a weapon. Lance told defendant that he had searched Austin and Austin's car, and had not found a gun. Lance and Duke also told defendant that the allegations regarding Austin's conduct were serious, and that defendant needed to be truthful. Lance explained that, if defendant persisted in those allegations, and they turned out to be false, defendant would be arrested for initiating a false report.

Notwithstanding those admonitions, defendant told officers that Austin pointed a black, nine millimeter gun at

---

[1] ORS 162.375(1) provides: "A person commits the crime of initiating a false report if the person knowingly initiates a false alarm or report that is transmitted to a fire department, law enforcement agency or other organization that deals with emergencies involving danger to life or property."

him, and provided further description of the alleged gun. The deputies subsequently arrested defendant for driving under the influence. At the time, Duke told defendant that they would look into whether Austin pointed a gun at defendant, noting that, "if he did that, that's a crime he can't undo." Lance, however, was confident from his initial investigation that Austin had not pulled a gun on defendant, and decided not to conduct any additional follow-up investigation.

Defendant was subsequently charged with several offenses, including driving under the influence of intoxicants and initiating a false report. At trial, defendant moved for a judgment of acquittal on the charge of initiating a false report. Relying on our decision in *State v. McCrorey*, 216 Or App 301, 172 P3d 271 (2007), defendant argued that the evidence was insufficient to permit a finding that he *initiated* a false report, but rather established, at most, that he made false statements in response to questioning triggered by an initial truthful report of a hit and run. The trial court denied the motion, concluding that, in contrast with *McCrorey*, the evidence would permit a finding that defendant did more than simply lie in response to police questioning, and that he had falsely told police that Austin committed a crime, knowing that police would treat his statements as a report of a crime. The jury then convicted defendant of that offense, as well as others. Defendant appeals. On appeal, he reiterates his arguments that the evidence is insufficient to permit a finding that he initiated a false report under ORS 162.375.

We review a trial court's denial of a motion for judgment of acquittal to determine "whether there was sufficient evidence in the record from which a reasonable trier of fact could find the elements of the crime beyond a reasonable doubt." *State v. Rader*, 348 Or 81, 91, 223 P3d 552 (2010). In so doing, we "resolve all conflicts of evidence in favor of the state and give the state the benefit of all reasonable inferences." *Id.*

To convict defendant of initiating a false report in violation of ORS 162.375, the jury was required to find that defendant "knowingly initiat[ed] a false alarm or report that [was] transmitted to a fire department, law enforcement

agency or other organization that deals with emergencies involving danger to life or property." ORS 162.375. Under *McCrorey*, and our recent decision in *State v. Strouse*, 276 Or App 392, 366 P3d 1185 (2016), evidence that a person has lied in response to police questioning in the course of an investigation is not enough to convict the person of initiating a false report. *McCrorey*, 216 Or App at 306; *see also Strouse*, 276 Or App at 404. The evidence must show more; it must permit a finding that defendant knowingly started or "set[]" going" the transmission of a false alarm or a false report to one of the statutorily designated organizations. *State v. J. L. S.*, 268 Or App 829, 835, 343 P3d 670 (2015). Defendant contends that the evidence is insufficient to permit that finding in this case. In defendant's view, the record shows, at most, that defendant's statements regarding Austin's conduct were the sort of "unsworn, oral falsifications made in response to police questioning" that *McCrorey* held do not violate ORS 162.375. *See McCrorey*, 216 Or App at 306 ("[T]he legislature clearly intended to exclude unsworn, oral falsifications made in response to police questioning from ORS 162.375[.]").

We disagree. Unlike in *McCrorey* and *Strouse*, the record in this case contains evidence that defendant did more than simply give false statements in response to police questioning. Certainly, under *McCrorey* and *Strouse*, defendant's initial false statement to Duke regarding Austin's brandishing of a weapon would be insufficient to establish a violation of ORS 162.375; that was merely a responsive lie to police questioning. However, that was not all that defendant did. The record also contains evidence that defendant continued to tell officers that Austin had pulled a gun on him after having been told by them that he would be initiating a false report if he persisted in making those allegations and those statements were not true. From that evidence, a factfinder could find that defendant knew that if he made further statements accusing Austin of a crime, those statements would be treated by law enforcement as initiating a report of that crime. A factfinder could further find that defendant, knowing that additional statements would be treated by officers as a report of a crime, persisted in making them, and thereby initiated a false

report.[2] *Cf. J. L. S.*, 268 Or App at 839 (evidence supported finding that juvenile initiated a false report where juvenile was told by officer that if he persisted in his story that he had been kidnapped, she would have to treat his representations as true and activate the Major Crimes Team, and where juvenile, notwithstanding admonitions, continued to insist that he had been kidnapped).

For the foregoing reasons, we conclude that the trial court did not err in denying defendant's motion for a judgment of acquittal.

Affirmed.

---

[2] Defendant does not dispute that the evidence is sufficient to support a finding that his allegations regarding Austin's brandishing of a weapon were false.