406 August 14, 2024 No. 572

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JAMES BARRON-FLOWERS,
*Defendant-Appellant.*

Marion County Circuit Court
20CR52196; A180015

Tracy A. Prall, Judge.

Submitted on July 16, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Rond Chananudech, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jonathan N. Schildt, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

POWERS, J.

Reversed and remanded.

**POWERS, J.**

A jury found defendant guilty of two counts of using a child in a display of sexually explicit conduct, ORS 163.670, for permitting a 13-year-old victim to engage in sexually explicit conduct for defendant to observe. Defendant repeatedly asked LG to send naked and inappropriate photos through social media, which LG did. On appeal, defendant raises three assignments of error challenging his convictions, all of which are controlled by our prior decisions. For the following reasons, we conclude that the trial court plainly erred in instructing the jury in light of our decision in *State v. Parra-Sanchez*, 324 Or App 712, 527 P3d 1008, *rev den*, 371 Or 333 (2023).[1] Accordingly, we reverse and remand.

First, defendant asserts in his first two assignments of error that the trial court erred in denying his motion for judgment of acquittal based on his interpretation of the term "permits" as used in ORS 163.670(1)(a).[2] Recognizing that his argument is foreclosed by our decisions in *State v. Porter*, 241 Or App 26, 249 P3d 139, *rev den*, 350 Or 530 (2011), and *State v. Hunt*, 270 Or App 206, 346 P3d 1285 (2015), defendant contends that those decisions are wrongly decided. *See generally State v. Civil*, 283 Or App 395, 406, 388 P3d 1185 (2017) (explaining that overruling a prior decision requires a party to establish that the decision was plainly wrong, a "rigorous standard grounded in presumptive fidelity to *stare decisis*"). We reject defendant's invitation to overrule our prior decisions. *See Hunt*, 270 Or App at 212 (rejecting the defendant's challenge to *Porter* as plainly wrong).

Second, in his final assignment of error, defendant contends that the trial court plainly erred in instructing the jury on the meaning of "lewd exhibition" in light of our decision in *Parra-Sanchez*, which was decided after the trial in this case. *See State v. Poston*, 309 Or App 377, 385-86,

---

[1] When the Supreme Court denied review, Justices Duncan and Masih concurred in the court's decision and observed—in the order denying review—that the petition raised "an important legal issue that the court should consider in an appropriate case."

[2] ORS 163.670 has been amended since the charged incidents. Or Laws 2023, ch 407, § 2. Those amendments, however, do not affect our analysis, and therefore we refer to the current version of the statute in this opinion.

482 P3d 778 (2021) (observing that, where there has been an intervening change in the law, the term "plain error" is a misnomer and that, instead of implying that the trial court made a mistake, it is an appellate court label to signal that a party is entitled to a benefit of a change in the law). The state concedes that the trial court plainly erred, and we accept that concession. Accordingly, we reverse and remand for a new trial.

Reversed and remanded.