Argued and submitted February 26, affirmed July 15, petition for review denied September 29, 1998 (327 Or 554)

## STATE OF OREGON,
*Respondent,*

*v.*

## SCOTT WYNN HARBERT,
*Appellant.*

(96-04-32806; CA A94974)

963 P2d 710

Walter J. Ledesma, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Kaye E. Sunderland, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy

Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Landau, Presiding Judge, and Riggs* and Wollheim,** Judges.

LANDAU, P. J.

---

\* Riggs, J., *vice* Warren, J.

\*\* Wollheim, J., *vice* Haselton, J.

**LANDAU, P. J.**

Defendant appeals a judgment of conviction for recklessly endangering another person. ORS 163.195. He assigns error to the trial court's denial of his motion for judgment of acquittal based on the insufficiency of the evidence. We affirm.

We state the facts in the light most favorable to the state and review those facts to determine whether a rational trier of fact could have found defendant guilty beyond a reasonable doubt. *State v. Cunningham*, 320 Or 47, 63, 880 P2d 431 (1994), *cert den* 514 US 1005 (1995).

On a Friday night, at 10:00 p.m., defendant sat on a stool next to a work bench in his duplex in residential Portland. On the work bench lay three weapons: a 9 millimeter Taurus, a Smith & Wesson .357 magnum and a Smith & Wesson .38 Special. Defendant picked up the Taurus and the .38 Special and fired 15 rounds into the ceiling and front door of his home. The shots penetrated the ceiling and the floor of the upstairs unit. They also penetrated the front door. Neighboring houses are located across the street. No one was injured, and no one complained about the gunfire. Police arrived at the scene shortly after the shooting in response to a call on an unrelated matter. When they saw the bullet holes in the door and smelled the odor of fresh gunpowder, they entered the premises and found defendant.

Defendant was charged with recklessly endangering another person. At the close of the state's case, defendant moved for a judgment of acquittal on the ground that, because the state had failed to establish that any person was within range of the gunshots, it had failed to prove that defendant actually had endangered anyone. The trial court denied the motion, and the jury returned a verdict of guilty.

On appeal, defendant argues that the trial court erred, because the state failed to prove that the shots defendant fired actually placed any person at risk of serious physical injury. The state contends that the trial court ruled correctly, because no such proof is required. We agree with the state.

ORS 163.195(1) provides:

"A person commits the crime of recklessly endangering another person if the person recklessly engages in conduct which creates a substantial risk of serious physical injury to another person."

Whether that statute requires proof that at least one other person actually was subject to a risk of injury is a question of statutory construction. In accordance with the interpretive methodology required by *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993), we examine the language of the statute in context and, if necessary, its history and other aids to construction.

The statute refers to creating a "risk" of serious physical injury to another person. The use of the term "risk" makes clear that another person need not actually be injured, only that another person be put at risk of injury. The statute does not require explicitly that any person actually be present and in a "zone of danger" at the time of the defendant's conduct. But it does refer to endangering "another person," and defendant's argument that the wording of the statute suggests the actual presence of that person is not wholly implausible. We therefore turn to the legislative history.

The Commentary to the statute prepared by the Criminal Law Revision Commission directly addresses the issue:

"This section creates a new offense known as recklessly endangering another person. This offense is designed to prohibit reckless conduct which places another person in danger of serious bodily harm. *The statute covers potential risks as well as cases where a specific person is within the zone of danger.*

"In the area of offenses involving danger to the person, there are three areas where reckless conduct is made criminal:

"(1)   If it causes death it is manslaughter.

"(2)   If it causes injury it is assault.

"(3)   If it causes neither death nor injury it is recklessly endangering another person.

"* * * * *

"An unsuccessful attempt to cause intended physical injury is an attempted assault. Reckless conduct which is likely to cause physical injury, but does not do so, does not constitute attempted assault for one cannot attempt to act recklessly. There must be intent or knowledge before there can be an attempt. As an example, if X recklessly throws a rock through the window of a house without knowing or caring whether anyone is within, he is guilty of assault if anyone is injured, but if no one is injured, he is not guilty of attempted assault, he is guilty of recklessly endangering another person."

Commentary, Proposed Oregon Criminal Code 97 (1970) (emphasis supplied). As the Commentary makes clear, ORS 163.195(1) was intended to cover "potential risks as well as cases where a specific person is within the zone of danger." Thus, the statute prohibits conduct that is likely to expose another person to harm; it is not limited to conduct that actually exposes another person to harm.

■ In this case, there was no evidence that any individuals actually were in the range of the shots fired. There was, however, evidence that defendant recklessly scattered shots from the ceiling to the front door of his duplex. The shots penetrated the door. Directly outside was a public street and neighboring residences. A jury reasonably could conclude beyond a reasonable doubt on those facts that defendant's conduct created a substantial risk that persons outside the house could be seriously injured. The trial court did not err in denying the motion for judgment for acquittal.

Affirmed.