Submitted February 24, affirmed October 26, petition for review denied December 15, 2011 (351 Or 403)

## SAMSON E. JONES,
*Petitioner-Appellant,*

*v.*

## STATE OF OREGON,
*Defendant-Respondent.*

Lane County Circuit Court
160906252; A143579

265 P3d 75

Hari Nam S. Khalsa filed the brief for appellant.

John R. Kroger, Attorney General, Mary H. Williams, Solicitor General, and Kathleen Cegla, Attorney-in-Charge, Collateral Remedies, filed the brief for respondent.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Duncan, Judge.

HASELTON, P. J.

## HASELTON, P. J.

Petitioner appeals from a judgment denying post-conviction relief. ORS 138.650. He contends that the post-conviction court erred in rejecting his contention that criminal trial counsel rendered inadequate assistance by failing to object to (1) the entry of multiple convictions for recklessly endangering another person, ORS 163.195(1),[1] arising out of a single incident and (2) the imposition of consecutive sentences on those convictions. Specifically, petitioner alleges that criminal trial counsel should so have objected because "[a]n incident of recklessly endangering should result in only one conviction, regardless of how many persons were actually endangered." Petitioner's putative premise is—and was at the time of his trial—irreconcilable with dispositive precedent, *viz.*, *State v. Sumerlin*, 139 Or App 579, 913 P2d 340 (1996). Accordingly, trial counsel's performance was not deficient, as alleged, and the post-conviction court properly denied relief.

The exceedingly spare post-conviction record discloses that, following a jury trial, petitioner was convicted on, *inter alia*, five counts of reckless endangering, based on a single episode in February 2005 in which he drove the wrong way down Interstate 5, while attempting to elude police. The trial court subsequently imposed consecutive 12-month sentences on each of the five reckless endangerment convictions. Criminal trial counsel did not object either to the entry of separate convictions on each of those counts or to the imposition of consecutive sentences.

On direct appeal, petitioner's appellate counsel contended that, consistently with the reasoning of, *inter alia*, *State v. Harbert*, 155 Or App 137, 963 P2d 710, *rev den*, 327 Or 554 (1998), the trial court should have merged the five reckless endangerment counts and entered only a single conviction, precluding the imposition of consecutive sentences on those counts. The state responded that that contention was unpreserved and, in all events, it failed because petitioner

---

[1] ORS 163.195(1) provides:

"A person commits the crime of recklessly endangering another person if the person recklessly engages in conduct which creates a substantial risk of serious physical injury to another person."

actually endangered five victims when he drove the wrong way on the freeway, speeding while attempting to elude the pursuing officer.[2] We affirmed without opinion. *State v. Jones*, 219 Or App 546, 183 P3d 246, *rev den*, 345 Or 94 (2008).

Petitioner then initiated this collateral proceeding. In his first amended petition, petitioner alleges:

"Petitioner's sentence was illegal because the trial court failed to merge the convictions for recklessly endangering another person. Recklessly endangering, ORS 163.195, does not require an actual victim as an element of the offense. An incident of recklessly endangering should result in only one conviction, regardless of how many persons were actually endangered."

The post-conviction court rejected that allegation, and petitioner's concomitant challenge as to trial counsel's failure to

---

[2] Our description, as necessary narrative, of the parties' contentions on direct appeal is predicated on our taking judicial notice, pursuant to OEC 201(b), of the *content*—but not the truth of that content—of the parties' appellate briefs in *State v. Jones*, 219 Or App 546, 183 P3d 246, *rev den*, 345 Or 94 (2008). *See* Appellant's and Respondent's Briefs, (CA A130452), http://66.54.37.22/index.html (accessed Oct 19, 2011). That resort to judicial notice is compelled by the parties' failure to include those briefs in the post-conviction relief proceeding record. Indeed, petitioner also did not seek to include either the operative charging instrument or the criminal trial transcript as exhibits.

Petitioner sought to offer only two exhibits: (1) an affidavit by Andy Simrin, his counsel on direct appeal, in which Simrin recounted his understanding of, and perspective on, the trial court proceedings and the presentation and disposition of the appeal, as well as his opinion that constitutionally adequate trial counsel would have timely objected to the matters assigned as error on appeal; and (2) an affidavit of Walter Ledesma, an experienced criminal defense lawyer, in which Ledesma also recounted his understanding of the operative circumstances and rendered the opinion that constitutionally adequate counsel would have raised an objection under *Harbert* and, if such a challenge had been raised, it would have succeeded.

At the beginning of the post-conviction hearing, counsel for defendant objected to the admission of those affidavits on grounds of relevance, asserting, in part, that the opinions of Simrin and Ledesma as to the probable outcome if the matter had been preserved and their characterizations of this court's consideration of the appeal were irrelevant. The post-conviction court reserved ruling on the admission of the affidavits, stating that it would take that matter "under advisement" and "in [its] written opinion * * * advise about whether I have excluded that evidence and not considered it." The post-conviction court ultimately issued an order, and subsequent judgment, summarily rejecting petitioner's claims, without reference to the affidavits. Nothing in the record indicates that the affidavits were, in fact, admitted as exhibits.

object to the imposition of consecutive sentences, without elaboration.

We affirm, with some amplification. Petitioner's fundamental premise—"[a]n incident of recklessly endangering should result in only one conviction, regardless of how many persons were actually endangered"—is irreconcilable with our analysis and holding in *Sumerlin*. In *Sumerlin*, the defendant drove while intoxicated, with his two young nephews in the vehicle, and rear-ended another vehicle, injuring its two occupants. 139 Or App at 581. He pleaded guilty to multiple offenses, including two counts of reckless endangerment, with those counts pertaining, respectively, to each of his two nephews. *Id.* The trial court imposed separate convictions on the two reckless endangerment counts, rather than merging them, reasoning that the defendant's conduct in violation of ORS 163.195(1) had "involve[d] two or more victims" for purposes of ORS 161.067(2). *Id.* at 581, 586. The trial court then imposed consecutive sentences on all convictions, including the two convictions for recklessly endangering another person. *Id.* at 581.

On appeal, the defendant contended, in part, that the trial court had erred in failing to merge the two reckless endangerment counts and in imposing consecutive sentences on the consequent convictions. *Id.* at 586. In particular, the defendant contended that "there were not 'two or more victims' of reckless endangering [for purposes of application of ORS 161.067(2)] because that offense prohibits only the 'creation of risk' and does not 'envision a particular person as the victim.' " *Id.*

We prefaced our consideration of that argument with the text of ORS 163.195(1), which, again, provides:

> "A person commits the crime of recklessly endangering another person if the person recklessly engages in conduct which creates a substantial risk of serious physical injury to another person."

We then proceeded to employ the methodology prescribed in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993), focusing on the operative language of ORS

163.195(1), *e.g.*, risk of injury "to another *person*," and pertinent context, including provisions addressing civil compromise of charges of recklessly endangering. *Sumerlin*, 139 Or App at 586-87 (emphasis in *Sumerlin*). We concluded:

> "[I]t must follow that, as a crime subject to civil compromise, reckless endangering has a discrete victim or victims. Because defendant's nephews were both in the car, his reckless conduct endangered two discrete victims. Therefore, ORS 161.067(2) prohibits the merger of the two reckless endangering convictions. The trial court properly refused to merge those counts."

*Id.* at 587 (internal quotation marks omitted).

We further noted that the legislative history corroborated that conclusion. In particular, we invoked a statement in the commentary to the Criminal Code that "[t]he [reckless endangering] statute covers potential risks as well as cases where *a specific person is within the zone of danger*." Commentary to Criminal Law Revision Commission Proposed Oregon Criminal Code, Final Draft and Report § 96, 97 (July 1970) (emphasis added). Given that history, we reasoned that

> "the drafters of the reckless endangering statute contemplated particular victims. Therefore, by driving recklessly and intoxicated with his two nephews in the car, defendant placed two specific persons in a zone of danger. There were thus two victims of his conduct, and ORS 161.067(2) prohibits merger of his reckless endangering convictions."

*Sumerlin*, 139 Or App at 587 n 7. Finally, we rejected the defendant's challenge to the imposition of consecutive sentences, because those sentences were authorized by the then-extant version of ORS 137.123 in that each of the convictions for reckless endangerment had a " 'different' victim, namely * * * defendant's two nephews, respectively." *Id.* at 589.

*Sumerlin* remains the law of this court, as it was at the time of petitioner's convictions and sentencing. *See, e.g., State v. Mullen*, 245 Or App 671, 676, 263 P3d 1146 (2011) (citing *Sumerlin*). Petitioner does not address *Sumerlin*, much less explain how or why trial counsel's failure to raise a challenge flatly rejected in *Sumerlin* could properly be

deemed to breach the standard of constitutionally competent representation.

Instead—again, without any reference to *Sumerlin* —petitioner places almost exclusive reliance on *Harbert*. That reliance is unavailing because *Harbert* involved qualitatively different circumstances than those presented here— or, at least, than plaintiff proved existed here.

In *Harbert*, the defendant was convicted of one count of reckless endangerment following an incident in which he fired 15 rounds from two firearms through the ceiling and closed front door of the duplex where he lived. 155 Or App at 139. The shots penetrated into the upstairs unit of the duplex as well as into adjacent outside areas, but no one was injured—and, indeed, there was no proof that anyone was within range of the gunshots. *Id*. At trial, the defendant moved for a judgment of acquittal on the ground that, "because the state had failed to establish that any person was within range of the gunshots, it had failed to prove that defendant actually had endangered anyone." *Id*. The trial court denied that motion, and, on appeal, the defendant reiterated his contention that the state's proof was legally insufficient because "the state failed to prove that the shots [the] defendant fired actually placed any person at risk of serious physical injury." *Id*.

We affirmed. In doing so, we framed the dispositive inquiry as "[w]hether [ORS 163.195(1)] requires proof that at least one other person actually was subject to risk of injury[.]" *Id*. at 140. After engaging in a *PGE*-driven analysis, we answered that question in the negative: "[T]he statute prohibits conduct that is likely to expose another person to harm; it is not limited to conduct that actually exposes another person to harm." *Id*. at 141; *see also id*. (noting and quoting the same commentary invoked in *Sumerlin*, 139 Or App at 587 n 7, that ORS 163.195(1) was intended to cover "potential risks as well as cases where a specific person is within the zone of danger" (internal quotation marks omitted)).

Thus, *Harbert*, in contrast to *Sumerlin*, addressed the applicability of ORS 163.195(1) to circumstances in which a person engaged in conduct likely to expose another person

to harm, even if that conduct did not actually expose another person to harm. *Sumerlin*, in contrast, addressed the applicability of the statute—and the availability of multiple convictions—where the defendant engaged in conduct that actually exposed (multiple) persons (in *Sumerlin*, the defendant's two nephews) to harm. That is, ORS 163.195(1) properly applies to both circumstances—and, when it applies to the latter and multiple persons have actually been exposed to harm, multiple convictions, pertaining to each of the victims, can be imposed.[3]

Given *Sumerlin* and, as properly understood, *Harbert*, the post-conviction court properly denied relief in this case. As noted, *Sumerlin* contradicts petitioner's fundamental allegation that "[a]n incident of recklessly endangering should result in only one conviction, regardless of how many persons were actually endangered." Further, to the extent that petitioner now suggests that *Harbert*, not *Sumerlin*, is controlling, the post-conviction court could properly have determined that petitioner failed to adduce persuasive evidence essential to that distinction, *viz.*, that petitioner's conduct in speeding the wrong way on Interstate 5 had not "actually expose[d]" other persons (the persons to whom the five reckless endangerment counts pertained) "to harm." *Harbert*, 155 Or App at 141.

The deficiency of petitioner's proof in that regard relates to any, or all, of several circumstances. First, petitioner's only proffered proof of the circumstances of the predicate offenses was the Simrin and Ledesma affidavits. As noted, *see* 246 Or App at 256 n 2, it is unclear whether those affidavits were ever admitted, over a pending objection, as exhibits.

---

[3] Indeed, although our opinion in *Harbert* does not refer to *Sumerlin*, the state's brief in that case correctly anticipated and described the proper relationship of *Harbert*'s rationale and *Sumerlin*:

"Although proof of a violation of ORS 163.[1]95 does not require proof of a specific victim, a defendant's conduct may place two specific persons in a zone of danger, thus permitting separate convictions based on the number of victims involved."

Respondent's Brief at 7 n 2, *State v. Harbert*, 155 Or App 137, 963 P2d 710, *rev den*, 327 Or 554 (1998) (No. CA A94974) (citing *Sumerlin*, 139 Or App at 587 n 7).

Moreover, even if the affidavits were admitted as exhibits, the representations in those affidavits did not substantiate the requisite premise—that is, the premise necessary for the imposition of only a single conviction under *Harbert*'s rationale, as opposed to multiple convictions consistently with *Sumerlin*—that no one had been actually exposed to harm. Rather, those affidavits, while acknowledging that the state had presented proof that multiple persons had, in fact, been "put at risk,"[4] merely averred that the state had failed to specifically "identify" any of those persons by name. The fact that the occupants of various vehicles that petitioner passed going the wrong way at a high speed were not specifically *identified* does not mean that they were not, individually, *actually* exposed to harm.

Thus, in all events, petitioner failed to adduce proof that the circumstances of this case corresponded to those in *Harbert* and not those in *Sumerlin*. Accordingly, without such proof, criminal trial counsel's failure to invoke *Harbert* as precluding entry of multiple convictions and imposition of consecutive sentences cannot be deemed to have breached the standard of constitutionally competent representation.

Affirmed.

---

[4] For example, Ledesma stated that petitioner had "passed 65 cars going in the wrong direction" on Interstate 5 and that the Oregon State Police trooper, who had captured petitioner's conduct on videotape, "identified five cars that were at the greatest risk for an accident."