Argued and submitted July 21, 2014, affirmed August 19, petition for review denied November 12, 2015 (358 Or 249)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## LARRY REEVES,
*Defendant-Appellant.*

Marion County Circuit Court
07C50616; A153520

359 P3d 347

Jason E. Thompson and Ferder Casebeer French & Thompson LLP filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Sarah M. Villanueva, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Nakamoto, Judge, and Egan, Judge.

ARMSTRONG, P. J.

## ARMSTRONG, P. J.

Defendant, who was convicted of 15 counts of first-degree encouraging child sexual abuse, ORS 163.684, asserts that the trial court erred in failing to merge the guilty verdicts into a single conviction after we remanded the case for resentencing, *State v. Reeves*, 250 Or App 294, 280 P3d 994, *rev den*, 352 Or 565 (2012). On remand, the trial court determined that the image or video that formed the basis for each count involved a different child victim and, hence, that the counts did not merge. *See* ORS 161.067(2). In the present appeal, defendant contends that the trial court erred in concluding that each count involved a separate victim because the state failed to establish the identity of each child and to prove that the children were alive when defendant committed the offenses. As explained below, defendant's argument is barred by the law of the case doctrine. Accordingly, we affirm.

The charges concern numerous images and video clips found on defendant's computer. At the original sentencing, the state contended that none of the charges merged because, under ORS 161.067(2), each charge involved a separate victim and, under ORS 161.067(3), the criminal acts comprising each charge were separated by a "sufficient pause" between each criminal act. *Reeves*, 250 Or App at 305. The trial court concluded that the verdicts did not merge under subsection (3) of ORS 161.067 and did not address the separate-victim question under subsection (2). Because we disagreed with the court's resolution of the subsection (3) question, we ultimately remanded the case for the sentencing court to address the separate-victim question under subsection (2).

In determining that remand was required, we considered at length—and rejected—arguments by defendant that the children depicted in the images were not "victims" for purposes of ORS 161.067(2). Defendant posited that, because ORS 163.684 did not require the state to prove the identities of the children depicted in the images, the legislature did not intend the children to be considered victims. 250 Or App at 308. We rejected that argument, stating that the "person who suffers the harm in the creation of a visual

recording of child abuse is the child who is abused." *Id.* at 310. We explained:

> "First, the fact that the state is not required to prove the identity of a child victim does not demonstrate that the child is not the victim of the prohibited conduct. Although the identity of the victim of a crime is often either obvious or ascertainable, the state is not required to prove the identity of the victim. *See, e.g., Jones v. State of Oregon,* 246 Or App 253, 260, 265 P3d 75, *rev den,* 351 Or 403 (2011) (explaining that proof of reckless endangering did not require proof of a specific victim). Furthermore, the circumstances surrounding the recording and distribution of depictions of child sexual abuse frequently make it difficult to ascertain the identity of each child depicted. Nonetheless, *the child's anonymity does not make him or her any less the victim of the recorded act of abuse and the subsequent duplication of the recording.*
>
> "Finally, the fact that the legislature did not classify the offenses according to the age of the child depicted does not demonstrate, as defendant argues, that the legislature did not contemplate individual victims. The legislature's definition of "child" in ORS 163.665(1) (2009), *amended by* Oregon Laws 2011, chapter 515, section 1, expresses the legislature's intent to include *any* victim 'who was less than 18 years of age at the time the original image in the \*\*\* visual recording was created.'
>
> "*We thus conclude that the 'victim' for the purpose ORS 163.684 is the child—or children—depicted in the downloaded images that are the basis of the 15 counts on which the court rendered guilty verdicts.*"

*Reeves,* 250 Or App at 311 (emphases added). That is, in reaching our disposition, we squarely held that (1) a child's anonymity does not make the child less than a victim; (2) the child's victim status is determined based on whether the child was less than 18 years of age when the image was created; and (3) that the victims in *this* case, for purposes of merger analysis, are the children "depicted in the downloaded images that are the basis of the 15 counts on which the court rendered guilty verdicts." *Id.* Accordingly, we remanded for the sentencing court to determine the number of convictions to be entered, "depending on the extent to

which different child victims are depicted in the images that are the subject of each of the 15 counts." *Id.* at 312.

On remand, and despite our holding, defendant argued that, "[t]o constitute a 'victim' under ORS 161.067(2), the state must establish who that person actually is." He went on to assert that the state was required to adduce proof not only of identity but also of the child's birthdate, the date on which the crime was committed, and that the child was alive on that date. The trial court rejected those arguments, stating:

> "[I]n reviewing the actual depictions I can clearly make [findings] for the record that the depictions in each and every one are different individuals for which constitutes a separate victim under ORS 161.067(2). I make that finding and I don't know how to make it any more clear. They are separate victims under the law * * * based on the analysis of what constitutes a victim in the Court of Appeals opinion that came down in this case."

That is, the trial court did precisely what our remand instructed it to do.

Defendant argues on appeal, nonetheless, that the trial court erred because the state was required to establish the identity of each child, the child's birthdate, the date of the offense, and that the child was living when defendant committed the offense. The trial court properly rejected those arguments because, under the "law of the case" doctrine, we had already determined that the victims in this case are the children "depicted in the downloaded images that are the basis of the 15 counts on which the court rendered guilty verdicts." *Id.* at 311.

"The law of the case doctrine is essentially one of judicial economy and judicial discretion." *State v. Metz*, 162 Or App 448, 454, 986 P2d 714 (1999), *rev den*, 330 Or 331 (2000). Under the law of the case doctrine,

> "when a ruling or decision has been once made in a particular case by an appellate court, while it may be overruled in other cases, it is binding and conclusive both upon the inferior court in any further steps or proceedings in the same litigation and upon the appellate court itself in any subsequent appeal or other proceeding for review."

*State v. Pratt*, 316 Or 561, 569, 853 P2d 827 (1993). In our previous decision, we made a ruling that is binding and conclusive that the children depicted in the images in this case are victims for purposes of merger analysis. That conclusion was binding on the trial court and is binding on us as well.

Affirmed.