Argued and submitted March 16, 2016, affirmed July 19, petition for review denied November 9, 2017 (362 Or 175)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## MICHAEL DUANE HOLSCLAW,
*Defendant-Appellant.*

Tillamook County Circuit Court
13CR08512; A156968

401 P3d 262

Matthew Blythe, Deputy Public Defender, argued the cause for appellant. With him on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Jacob R. Brown, Assistant Attorney General, argued the cause for respondent. On the brief were Ellen F. Rosenblum, Attorney General, Paul L. Smith, Deputy Solicitor General, and Carson L. Whitehead, Assistant Attorney General.

Before DeVore, Presiding Judge, and Garrett, Judge, and Duncan, Judge pro tempore.*

---

* DeVore, P. J., *vice* Haselton, S. J.; Garrett, J., *vice* Flynn, J. pro tempore.

**GARRETT, J.**

Defendant, a designated predatory sex offender, used the public shower facilities in a YMCA building on multiple occasions. For that conduct, he was charged with seven counts of unlawfully being in a location where children regularly congregate, ORS 163.476 (2013), *amended by* Or Laws 2015, ch 820, § 17.[1] Defendant was convicted after a bench trial. On appeal, he argues that the court should have entered a judgment of acquittal on each count because the evidence was insufficient to show that the location used by defendant—the YMCA shower facility—qualified as a "premises where persons under 18 years of age regularly congregate" as defined in ORS 163.476(2)(a). For the reasons explained below, we conclude that, a reasonable trier of fact could find that, the relevant "premises" was the YMCA building as a whole, not a particular area within it. Further, under a proper construction of the statute, a reasonable factfinder could conclude that defendant violated the statute even though his presence at the YMCA was mostly during times when children's programs were not scheduled. Accordingly, the trial court did not err, and the judgment is affirmed.

When a defendant's challenge to the legal sufficiency of the state's evidence depends upon the meaning of the statute defining the offense, we review the trial court's construction of the statute for legal error. *State v. Hunt*, 270 Or App 206, 210, 346 P3d 1285 (2015) (so stating with respect to the denial of a motion for a judgment of acquittal); *see also State v. Morgan*, 361 Or 47, 51-52, 388 P3d 1085 (2017) (reasoning that, in a bench trial, a challenge to the sufficiency of evidence made in closing argument is considered "the functional equivalent of a motion for judgment of acquittal" on review). Then, based on the proper construction of the statute, we view the evidence in the light most favorable to the state to determine whether a rational factfinder could have found the elements of the offense beyond a reasonable doubt. *See Hunt*, 270 Or App at 209. We state the facts in accordance with that standard.

---

[1] The 2015 amendments to ORS 163.476 did not alter the definition at issue in this case, and, therefore, we cite the current version of the statute throughout the remainder of this opinion unless otherwise indicated.

The Board of Parole and Post-Prison Supervision designated defendant as a "predatory sex offender" under *former* ORS 181.585 (2011), *renumbered as* ORS 181.838 (2013), *repealed by* Or Laws 2015, ch 820, § 36. After his release on parole from prison, defendant was supervised by Tillamook County Community Corrections. During their first meeting, defendant's parole supervisor specifically advised him that, due to a condition of his parole, he was not allowed to enter the Tillamook County YMCA because minors "congregate" there.[2]

Two weeks after being released, defendant was without housing. An employee of the Salvation Army informed defendant that there were showers available for use at the YMCA during certain hours of the day. The employee referred defendant to a nonprofit organization that provided YMCA shower vouchers to people in need. Defendant was offered a voucher, but he declined, explaining that he could not use the facilities at the YMCA because he could not be around minors.

Nevertheless, during the months in which defendant was homeless, he went to the YMCA seven times to use the shower facilities. On six of the occasions, he arrived between 5:30 and 6:00 a.m., and on one occasion, he arrived at 7:09 a.m.

During the relevant time period, the entire YMCA facility opened at 5:30 a.m. The YMCA offered daycare starting at 7:00 a.m. and preschool programs starting at 8:00 a.m. The YMCA also offered various classes and recreational activities for children. The evidence at trial was that scheduled programming for children occurred at the YMCA "all during the day" and was "always going on."

All visitors to the YMCA, including children, are required to check in at the front desk before entering the facility. The childcare room, which is used for both preschool and daycare, is located along a hallway from which a person can also access the showers. When non-YMCA members

---

[2] One condition of defendant's parole was that he not be present more than once, without prior written approval, "at a place where persons under 18 years of age regularly congregate." The parole condition is not at issue in this appeal.

pay to use the YMCA's showers, they are able to physically access other areas in the building.[3]

In his closing argument at trial, defendant argued that, in visiting the YMCA shower facility, he did not access a "premises where persons under 18 regularly congregate" within the meaning of ORS 163.476 because (1) the childcare room is separate from the areas that defendant visited, and (2) except for on one occasion, defendant used the showers at times when no children's programs were scheduled. The state countered that the relevant location for purposes of the statute was the entire YMCA facility, and, according to the state, the YMCA was covered by the statute regardless of the specific time when defendant was present there.

The trial court rejected defendant's argument and convicted him of all seven counts, reasoning that the YMCA was "clearly" a place "where people under 18 years of age gather for regularly scheduled educational and recreational programs," and "if you wanted to go somewhere to find kids, the [YMCA] is * * * the number one place to go find kids." On appeal, defendant reprises his argument that the evidence was insufficient to support the convictions.

Whether the record contains sufficient evidence that the locations entered by defendant qualify as "premises where persons under 18 years of age regularly congregate" presents, in part, a question of statutory construction. We construe statutes with the goal of determining the meaning that the legislature most likely intended. *Chase and Chase*, 354 Or 776, 780, 323 P3d 266 (2014). We do so by considering the statutory text in context, any pertinent legislative history, and, when necessary, applicable maxims of statutory construction. *Id.*; *State v. Shockey*, 285 Or App 718, 721, 398 P3d 444 (2017).

At the time defendant used the YMCA shower facilities, ORS 163.476 (2013) provided, in relevant part:

"(1) A person commits the crime of unlawfully being in a location where children regularly congregate if the person:

---

[3] A YMCA employee testified at trial that, when nonmembers paid to use the showers, she would "hop[e] that they're honest and they shower and that's it."

"*****

"[(a)] (B)   Has been *** designated a predatory sex offender under [former] ORS 181.838 [(2011)], and does not have written approval from the State Board of Parole and Post-Prison Supervision or the person's supervisory authority or supervising officer to be in or upon the specific premises; [and]

"*****

"(b)   Knowingly enters or remains in or upon premises where persons under 18 years of age regularly congregate.

"(2)   As used in this section:

"(a)   'Premises where persons under 18 years of age regularly congregate' means schools, child care centers, playgrounds, other places intended for use primarily by persons under 18 years of age and places where persons under 18 years of age gather for regularly scheduled educational and recreational programs."

Defendant argues that the locations in the YMCA that he entered are not covered by the statute because they are not "places where persons under 18 years of age gather for regularly scheduled educational and recreational programs."[4] To that end, defendant first argues that each "separate unit" within a multi-purpose structure should be considered a separate "place" for purposes of ORS 163.476(2)(a). In support, defendant relies on *State v. Macon*, 249 Or App 260, 278 P3d 29, *rev den*, 352 Or 342 (2012), in which we concluded that the record contained sufficient evidence that a storage room in a toy store was a "separate unit" for purposes of the second-degree burglary statute, ORS 164.215, because the room was "self-contained," as evidenced, in part, by the fact that it had "separate physical access." *Id.* at 265-66.

We are not convinced that our construction of the second-degree burglary statute in *Macon* is particularly relevant to our construction of ORS 163.476, given the very

---

[4] Because we conclude that there was sufficient evidence that the YMCA is a place "where persons under 18 years of age gather for regularly scheduled educational and recreational programs," we do not address whether the YMCA facility qualifies as any of the other locations listed in ORS 163.476(2)(a).

different subject matter of the latter statute. However, even if we were to accept defendant's premise that every "self-contained" area of the YMCA should be considered a separate "place" for purposes of applying that statute, the evidence is sufficient to permit a finding that the YMCA's childcare room is *not* "self-contained" within the meaning of *Macon*. Viewing the record in the light most favorable to the state, the YMCA's shower area and the childcare room share a common point of access—the front desk. A factfinder could reasonably conclude that, after a person passes the front desk, there are no other controls to prevent a visitor from freely accessing all of the areas in the building. Thus, although the childcare room is apparently separated from the adjoining hallway by a doorway, there is evidence from which a factfinder could conclude that that room is not "self-contained" as that term was used in *Macon* (where the unit had a separate point of access altogether), despite the childcare room's distinct function. In short, we reject defendant's argument that a factfinder would be compelled to regard the YMCA's childcare room as a "self-contained" unit instead of determining that the public areas of the YMCA are the same "place" within the meaning of ORS 163.476.

We next address defendant's argument that a location qualifies as a place "where persons under 18 years of age gather for regularly scheduled educational and recreational programs" only at such times as that place *is being used* for such programs or when such programs are scheduled. The state disagrees, arguing that the text of the statute focuses on particular types of places, and that we should not construe the statute to include a temporal requirement when no such requirement is present in the statute's plain text.

To discern the intended meaning of the phrase "places where persons under 18 years of age gather for regularly scheduled educational and recreational programs," we first consider the dictionary definitions of the individual terms. *State v. McNally*, 361 Or 314, 321, 392 P3d 721 (2017) ("[T]o understand the plain, natural, and ordinary meaning of a phrase, the court frequently consults dictionary definitions of the terms, on the assumption that, if the legislature did not give the term a specialized definition, the dictionary

definition reflects the meaning that the legislature would naturally have intended." (Brackets and internal quotation marks omitted.)).

The term "place" has both broad and narrow meanings, depending on the context in which the term is used, but the word is generally used to refer to a physical location. *State v. Gonzalez-Valenzuela*, 358 Or 451, 465, 365 P3d 116 (2015); *see Webster's Third New Int'l Dictionary* 1727 (unabridged ed 2002) (defining "place" to mean, among other things, "physical environment" or "a building or locality used for a special purpose"). The term "regularly" is defined in relevant part to mean "in a regular, orderly, * * * or methodical way." *Webster's* at 1913. The term "regular," as relevant here, means "steady or uniform in course, practice, or occurrence" and "not subject to unexplained or irrational variation." *Id.* The term "scheduled" is an adjectival form of the verb "to schedule," which means "to appoint, assign, or designate to do or receive something at a fixed time in the future." *Id.* at 2028. The term "where," when used as a conjunction to refer to a "place," is defined to mean "at or in which place." *Webster's* at 2602. Taken together, those definitions indicate that the legislature sought to prohibit predatory sex offenders from being present in locations in which children's programming takes place at predetermined times, on a repeated and predictable basis. There is no textual indication of an intent to regard a place where children regularly congregate as such a place *only* within the hours that children's programming happens to be scheduled.

The other locations listed in ORS 163.476(2)(a) further indicate that the legislature was concerned with a fixed characteristic of a particular place, rather than its use at any specific hour of the day. *See Goodwin v. Kingsmen Plastering, Inc.*, 359 Or 694, 702, 375 P3d 463 (2016) ("It is a familiar rule that the meaning of words in a statute may be clarified or confirmed by reference to other words in the same sentence or provision."). The other listed locations include "schools, child care centers, playgrounds," and "other places intended for use primarily by persons under 18 years of age." ORS 163.476(2)(a). In ordinary usage, it is unlikely that the legislature would have considered a school to be a "school" only during the hours in which classes

are scheduled. Similarly, it is unlikely that the legislature would have defined a restricted location in terms of its primary *intended* use if the legislature had been concerned only with its *actual* use during specific periods during the day. Thus, viewing the phrase "places where persons under 18 years of age gather for regularly scheduled educational and recreational programs" in a manner consistent with its surrounding context, we conclude that a prohibited place under ORS 163.476 does not cease being such a place during routine periods of inactivity.

In order for defendant to prevail on appeal, we would be required to adopt a construction of the statute under which the YMCA did not qualify a "place" where children "gather for regularly scheduled educational and recreational programs"—even though, viewing the record in the light most favorable to the state, children's programs are scheduled throughout every day of the week[5]—simply because on six of defendant's visits, he was present in the facility shortly before the children's programming was scheduled to begin. For the foregoing reasons, we reject that construction.

Affirmed.

---

[5] Defendant remonstrates that, under our interpretation of the statute, a predatory sex offender would be prohibited from attending, for example, counseling sessions in a church basement on a weekday evening if the building also holds children's classes on Sunday mornings. Put more generally, defendant's argument is that the phrase "regularly scheduled educational and recreational programs" implies some minimum level of frequency or significance. In a future case with different facts, we may be required to consider whether children's activities are too infrequent or *de minimis* as a part of a location's overall function to constitute "regularly scheduled educational and recreational programs." This case does not require us to confront that question, because under any reasonable standard for what constitutes "regularly scheduled," the YMCA facility here qualifies.