AOYAGI, J.
*695 Defendant was convicted of recklessly endangering another person, ORS 163.195, for using a slingshot to shoot a marble at a vacant bus shelter. No one was in the bus shelter at the time, and the only people in the general vicinity were some distance away in a parking lot. The trial court denied defendant's motion for judgment of acquittal. Defendant appeals, assigning error to that ruling. We agree with defendant that the state's evidence was insufficient to convict her of *492 recklessly endangering another person. Accordingly, we reverse and remand.
We review the denial of a motion for judgment of acquittal to determine whether, viewing the facts and all reasonable inferences that may be drawn from them in the light most favorable to the state, a rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt. State v. Shifflett , 285 Or. App. 654, 656, 398 P.3d 383 (2017). We state the facts in accordance with that standard.
On December 11, 2015, defendant decided to try her hand at using a slingshot and chose to do so by shooting a marble at a bus shelter. The bus shelter at issue was located near the parking lot of a Walgreens store. Coincidentally, a Marion County sheriff's deputy was on routine patrol that night and happened to be driving through the Walgreens parking lot at the very moment that defendant did the deed. From a distance of approximately 50 feet, Deputy Lane observed a blue Toyota Corolla approaching the bus shelter as it travelled down the main road. The vehicle slowed and moved into the bike lane. As it pulled alongside the vacant bus shelter, Lane saw defendant lean out of the open rear passenger window and use a slingshot to fire something into the bus shelter from a distance of four to five feet. The bus shelter was about eight feet wide and constructed of a Plexiglas-type material. Lane heard a "thud" when the projectile hit the bus shelter.
Lane took off after the suspect vehicle and initiated a traffic stop. He arrested defendant, who, after receiving her Miranda rights, confessed that she had fired the slingshot *696 and that she had intended to damage the shelter's "glass" wall. With defendant's consent, the deputy seized from the vehicle both the slingshot and a bag of small, asymmetric glass marbles similar to those used in aquariums.[1] In the meantime, another deputy went to the bus shelter to assess the consequences of defendant's misdeed. Upon inspection, the bus shelter had various scratches, marks, and dings, but it did not appear to have any fresh damage caused by the marble. The marble itself had shattered on impact and fallen to the ground. Ultimately, the state opted to charge defendant with one count of recklessly endangering another person, ORS 163.195.
At trial, after the conclusion of the state's case-in-chief, defendant moved for a judgment of acquittal based on insufficient evidence. The trial court acknowledged that it was a "close question" but denied the motion. The jury thereafter found defendant guilty, and the court entered a judgment of conviction. Defendant appeals, assigning error to the denial of her motion for judgment of acquittal.
Under ORS 163.195(1), "[a] person commits the crime of recklessly endangering another person if the person recklessly engages in conduct which creates a substantial risk of serious physical injury to another person." In this context, "serious physical injury" means "physical injury which creates a substantial risk of death or which causes serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ." ORS 161.015(8). "Recklessly" means the person "is aware of and consciously disregards a substantial and unjustifiable risk that the result will occur or that the circumstance exists. The risk must be of such nature and degree that disregard thereof constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation." ORS 161.085(9).
We agree with defendant that the state's evidence was insufficient to establish that she was aware of and consciously disregarded a substantial and unjustifiable risk *697 that her conduct would cause serious physical injury to another person. It may be true, as the trial court suggested when denying the motion, that defendant could have caused serious physical injury to someone if the marble had struck a person in the eye. At a minimum, it seems likely that striking someone in the eye at close range would create a substantial *493 risk of serious physical injury. Defendant's conduct, however, was not likely to result in anyone being shot in the eye. Failing to appreciate the durability of Plexiglas, defendant apparently was trying to break the "glass" wall of a bus shelter for her own misguided amusement. No one was standing in or anywhere near the bus shelter at the time.[2]
The state argues that, even though defendant shot a marble at the wall of a vacant bus shelter from a relatively short distance with no one in the immediate vicinity, her conviction for reckless endangerment should be affirmed based on State v. Harbert , 155 Or. App. 137, 963 P.2d 710, rev. den. , 327 Or. 554, 971 P.2d 410 (1998). In Harbert , we recognized that " ORS 163.195(1) was intended to cover potential risks as well as cases where a specific person is within the zone of danger." 155 Or. App. at 141, 963 P.2d 710 (internal quotation marks omitted). Harbert , however, involved a different type of scenario than exists here.
The defendant in Harbert , who lived in a duplex in residential Portland, fired 15 bullets from two guns into the ceiling and front door of his home at 10:00 p.m. on a Friday night. Id . at 139, 963 P.2d 710. The shots penetrated the ceiling and the floor of the upstairs unit, as well as the defendant's front door. Id . Fortunately, no one was injured. Id . The defendant was subsequently convicted of recklessly endangering another person. Id . On appeal, he assigned error to the trial court's denial of his motion for judgment of acquittal, arguing that, "because the state had failed to establish that any person was within range of the gunshots, it had failed to prove that *698 defendant actually had endangered anyone." Id . We affirmed the conviction, concluding that ORS 163.195 did not require proof of danger to a "specific person"-"the statute prohibits conduct that is likely to expose another person to harm; it is not limited to conduct that actually exposes another person to harm." Id. at 141, 963 P.2d 710. Although there was no evidence that anyone was actually in range of the defendant's 15 bullets, there was evidence that the defendant had "recklessly scattered shots from the ceiling to the front door of his duplex," that the shots penetrated his front door, and that a public street and neighboring residences were located directly outside. Id ."A jury reasonably could conclude beyond a reasonable doubt on those facts that defendant's conduct created a substantial risk that persons outside the house could be seriously injured." Id .
In this case, by contrast, not only was there no evidence that anyone was actually in the flying marble's "zone of danger," there was no evidence (and it cannot reasonably be inferred) that defendant's conduct-sling-shooting a marble into a vacant Plexiglas bus shelter from a distance of four to five feet with no one in the immediate vicinity-was "likely to expose another person to harm." Id. Lane testified that the bus shelter was made of a Plexiglas-type material and "you can see through it." Unlike the defendant in Harbert , who discharged 15 bullets through the ceiling and door of his duplex in a residential neighborhood at night, defendant was not sling-shooting blindly without regard to the risk of injuring someone. Defendant could see that there was no one in or near the bus shelter. Thus, while a jury could reasonably find that the defendant's conduct in Harbert created an inherent substantial risk of seriously injuring another person, the same is not true of defendant's conduct in this case.
Viewing the facts and all reasonable inferences that may be drawn from them in the light most favorable to the state, the state's evidence was insufficient to establish the essential elements of the crime of recklessly endangering another person. That is, the state's evidence was insufficient to establish that defendant was aware of and consciously disregarded a substantial and unjustifiable risk that her conduct would cause serious *494 physical injury to another person. *699 See ORS 163.195(1) ; ORS 161.085(9). Accordingly, the trial court erred in denying defendant's motion for judgment of acquittal.
Reversed.

At trial, Lane referred to the glass items as "marbles," but the trial court, examining them, noted that they were "smaller and flatter" than typical marbles and more like the glass rocks used in aquariums.

Lane testified that, when the incident occurred, the bus shelter was vacant and no one was on the sidewalk nearby. He had seen three or four people in the Walgreens parking lot, but he did not testify to the size of the parking lot (except to say that he himself was in the parking lot and about 50 feet away from the bus shelter when the incident occurred) or where those people were located relative to the bus shelter. The state concedes that there is no evidence that anyone was near the bus shelter when defendant shot the marble.