Submitted September 24, 2020; convictions on Counts 1 and 2 reversed and remanded for entry of a judgment of conviction for a single count of first-degree online sexual corruption of a child, remanded for resentencing, otherwise affirmed January 12, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

WILLIAM GLENN STREET,
*Defendant-Appellant.*

## Washington County Circuit Court
18CR06492; A169470

505 P3d 425

Defendant appeals a judgment of conviction for two counts of first-degree online sexual corruption of a child, ORS 163.433, (Counts 1 and 2), entered after a bench trial. On appeal, defendant assigns two errors. In his first assignment, he asserts that the trial court erred by denying his motion for judgment of acquittal on the two counts of first-degree online sexual corruption of a child. In defendant's second assignment, he contends that the trial court erred by failing to merge the verdicts on those counts into a single conviction. *Held*: The Oregon Court of Appeals rejected defendant's first assignment of error because, under ORS 163.433 and ORS 163.432, defendant's actions qualified as solicitation of a minor. However, as the state conceded, the trial court did err by failing to merge the guilty verdicts on the two counts.

Convictions on Counts 1 and 2 reversed and remanded for entry of a judgment of conviction for a single count of first-degree online sexual corruption of a child; remanded for resentencing; otherwise affirmed.

Oscar Garcia, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Laura A. Frikert, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Kirsten M. Naito, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Shorr, Judge, and Powers, Judge.

ORTEGA, P. J.

Convictions on Counts 1 and 2 reversed and remanded for entry of a judgment of conviction for a single count of first-degree online sexual corruption of a child; remanded for resentencing; otherwise affirmed.

**ORTEGA, P. J.**

Defendant appeals from a judgment of conviction for two counts of first-degree online sexual corruption of a child, ORS 163.433 (Counts 1 and 2), entered after a bench trial. The court acquitted him of two counts of luring a minor child, ORS 167.057 (Counts 3 and 4). On appeal, defendant asserts that the trial court erred by denying his motion for judgment of acquittal on the two counts of first-degree online sexual corruption of a child. In a second assignment, he also contends that the trial court erred by failing to merge those counts into a single conviction. We reject defendant's first assignment of error because, under ORS 163.433 and ORS 163.432, defendant's actions qualified as solicitation of a minor. However, as the state concedes, the trial court did err by failing to merge the guilty verdicts on the two counts. Accordingly, we reverse and remand defendant's convictions on Counts 1 and 2 for entry of a judgment of conviction for one count of first-degree online sexual corruption of a child, remand for resentencing, and otherwise affirm.

We briefly state the relevant facts. As part of a sting operation focused on targeting individuals who are communicating with children online and willing to engage in sexual activity with children, Detective Opitz with the Beaverton Police Department and other law enforcement agents posted a variety of advertisements on Craigslist. Defendant answered an advertisement, communicated exclusively with the FBI agent posing as the children's mother, and arranged to meet her and her two children to engage in sexual conduct with the three of them. Upon his arrival at the appointed place and time, he was immediately taken into custody and interviewed. As a result of the incident, the state charged defendant with two counts of first-degree online sexual corruption of a child, ORS 163.433, and two charges of luring a minor child, ORS 167.057. At the bench trial, the court found defendant guilty on two counts of first-degree online sexual corruption of a child, ORS 163.433 (Counts 1 and 2), and acquitted him on both charges of luring a minor child, ORS 167.057 (Counts 3 and 4).

At sentencing, defendant argued that the guilty verdicts on Counts 1 and 2 should merge. The court held,

"I don't believe that they merge for conviction purposes ***. I do believe that they merge for sentencing purposes. All right? So they can't be consecutive." Defendant was convicted and sentenced on each count.

On appeal, defendant argues that the trial court erred in denying his motion for judgment of acquittal because there was insufficient evidence to support his convictions. In his view, a person who communicates online exclusively with a person who is an adult, or that reasonably is believed to be an adult, does not commit the offense of online sexual corruption of a child of any degree. He contends that online sexual corruption requires evidence that an adult directly solicit a child for sexual conduct. The state counters that "statutory text and context supports the conclusion that—as used in the statute—'soliciting a child' includes *all* solicitations, including those made through an intermediary."

When a defendant's challenge to the legal sufficiency of the state's evidence depends upon the meaning of the statute defining the offense, we review for legal error. *State v. Holsclaw*, 286 Or App 790, 792, 401 P3d 262, *rev den*, 362 Or 175 (2017). "Then, based on the proper construction of the statute, we view the evidence in the light most favorable to the state to determine whether a rational factfinder could have found the elements of the offense beyond a reasonable doubt." *Id*. In interpreting a statute, we examine the text of the statute in context, considering any relevant legislative history, to discern the legislature's intent. *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009). Generally, "the text of the statutory provision itself is the starting point for interpretation and is the best evidence of the legislature's intent." *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1992). "In the construction of a statute, the office of the judge is simply to ascertain and declare what is, in terms or in substance, contained therein, not to insert what has been omitted or to omit what has been inserted[.]" ORS 174.010; *State v. Nelson*, 282 Or App 427, 440, 386 P3d 73 (2016). When construing a statute, "text should not be read in isolation but must be considered in context." *Stevens v. Czerniak*, 336 Or 392, 401, 84 P3d 140 (2004). "Context includes other provisions of the same statute, the session laws, and related statutes." *Id*.

ORS 163.433 provides, in relevant part, "[a] person commits the crime of online sexual corruption of a child in the first degree if the person violates ORS 163.432 and intentionally takes a substantial step toward physically meeting with or encountering the child." ORS 163.432 states, in relevant part:

> "(1)   A person commits the crime of online sexual corruption of a child in the second degree if the person is 18 years of age or older and:
>
> "(a)   For the purpose of arousing or gratifying the sexual desire of the person or another person, knowingly uses an online communication to solicit a child to engage in sexual contact or sexually explicit conduct; and
>
> "(b)   Offers or agrees to physically meet with the child."

ORS 163.432(1)(a) does not specify whether that communication must be made directly to a child. ORS 163.431(5) defines "solicit" to mean "to invite, request, seduce, lure, entice, prevail upon, coax, coerce or attempt to do so."

Here, for defendant's argument to prevail, we would have to insert the word "directly" in front of the word "solicit" in ORS 163.432(1)(a), which is contrary to how we construe statutory text. Nothing within the text of ORS 163.432(1)(a) prohibits only solicitations that are made directly to the minor. The context of the statutory scheme confirms the legislature's intent to criminalize all solicitations of children, including those where adults are a part of the solicitation. *See* ORS 163.434 (providing that it is not a defense to first-degree online sexual corruption of a child that the person was, in fact, communicating with a law enforcement officer or a person working under the direction of a law enforcement officer, who is 16 years of age or older); *cf.* ORS 163.413 ("[a] person commits the crime of purchasing sex with a minor if the person pays, or offers or agrees to pay, a fee to engage in sexual intercourse or sexual contact with a minor, a police officer posing as a minor or an agent of a police officer posing as a minor.").

Moreover, the legislature's stated intent demonstrates its objective to criminalize all solicitations of children, not just direct solicitation. The underlying bill arose

"out of the Aloha High School public hearing on 'Preventing Internet Predators'" and was created to address the problem of the solicitation of minors over the internet to commit sexual acts. Tape Recording, House Committee on Judiciary, HB 3515, Apr 6, 2007, Side 117A (statement of Counsel for the Oregon House and Senate Judiciary Committee, Darian Stanford); Tape Recording, House Committee on Judiciary, HB 3515, Apr 6, 2007, Side 117A (statement of Assistant Attorney General Michael Slauson). Counsel for the House and Senate Judiciary Committee explained that soliciting meant "taking action that is clearly criminal action." Tape Recording, House Committee on Judiciary, HB 3515, Apr 27, 2007 (statement of Darian Stanford). When the legislature ultimately drafted legislation to address that issue, it included nine different terms in the definition of "solicit" to provide a "broad array of what solicit means." Tape Recording, Joint Subcommittee on Public Safety, HB 3515, June 15, 2007, Side 111B (statement of Darian Stanford).

Informed by the text and by that context and legislative history, we affirm the trial court's denial of defendant's motion for judgment of acquittal.

We turn to defendant's argument that that the trial court erred in failing to merge the guilty verdicts on Counts 1 and 2. We review the trial court's determination of whether or not to merge verdicts for errors of law. *State v. Oldham*, 301 Or App 82, 83, 455 P3d 975 (2019). Under ORS 161.067(2), multiple convictions that are based on conduct that "violat[es] only one statutory provision," but "involves two or more victims," do not merge. Here the trial court concluded that the two counts of first-degree online solicitation involved two different "theoretical" children, and thus that the verdicts did not merge. Defendant argues the trial court erred in entering separate convictions for the two counts because the two children that he solicited were fictitious, leaving the state as the sole victim of the crime. The state concedes the error, and we accept that concession.

ORS 163.432 and ORS 163.433 do not expressly define the "victim" of the crime. However, the text, context, and legislative history demonstrate that the legislature's purpose in enacting ORS 163.433 was to protect children

from being solicited to participate in sexual acts with adults. As we noted above, the stated legislative intent was to address the problem of the solicitation of minors over the internet to commit sexual acts. Thus, the victim is the "child" as that word is used in the statutes. If this case had involved defendant soliciting the parent of two actual children, there would be two victims for purposes of ORS 161.067(2). Here, however, there were no such actual children involved.

We have not previously addressed whether merger applies in a case where the separate victims are, in fact, fictitious. However, we have examined whether separate convictions could be entered when the state did not identify the separate victims. We concluded that multiple victims exist when the defendant's conduct places "specific persons in the zone of danger." *Jones v. State of Oregon*, 246 Or App 253, 260 n 3, 265 P3d 75 (2011). We concluded that the failure to identify specific victims "does not mean that they were not, individually, actually exposed to harm." *Id*. at 261. Thus, *Jones* stands for the proposition that, if a defendant's conduct puts multiple persons at risk, those persons are separate victims that can support separate convictions under ORS 161.067(2).

Here, unlike in *Jones*, it is undisputed that defendant's conduct did not put an actual child at risk. Thus, ORS 161.067(2) does not authorize entry of separate convictions on the basis that there were two victims. Accordingly, the trial court erred by entering two separate convictions for first-degree online sexual corruption of a child.

Convictions on Counts 1 and 2 reversed and remanded for entry of a judgment of conviction for a single count of first-degree online sexual corruption of a child; remanded for resentencing; otherwise affirmed.