***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted March 8, affirmed July 6, petition for review denied November 2, 2023 (371 Or 522)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DODY ANN ODELL,
*Defendant-Appellant.*

Washington County Circuit Court
20CR51322; A176203

Ramón A. Pagán, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Mark Kimbrell, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Robert A. Koch, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

EGAN, J.

Affirmed.

**EGAN, J.**

Defendant appeals a judgment of conviction for first-degree theft, ORS 164.055, specifically theft of lost or mislaid property, ORS 164.065. Defendant raises two assignments of error: first, arguing that the trial court erred when it denied her motion for a judgment of acquittal; second, arguing that the trial court misinterpreted ORS 164.065, and therefore erred in finding her guilty of theft of lost or mislaid property. We affirm.

When reviewing a denial of a motion for a judgment of acquittal, we view the facts and all reasonable inferences that may be drawn from them in the light most favorable to the state to determine whether "a rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt." *State v. Wakefield*, 292 Or App 694, 695, 425 P3d 491 (2018). We will affirm the judgment below if we determine that there was little likelihood that the error affected the verdict. *State v. Scatamacchia*, 323 Or App 31, 34, 522 P3d 26 (2022), *rev den*, 370 Or 827 (2023).

In her first assignment of error, defendant argues that ORS 98.005, ORS 98.015, and ORS 98.025, the "finders-keepers" laws, provide an automatic safe-harbor defense to a charge of theft under ORS 164.065 and, therefore, the trial court should have granted her motion for a judgment of acquittal.

Specifically, defendant points to ORS 98.005, which provides:

"(1)  If any person finds money or goods valued at $250 or more, and if the owner of the money or goods is unknown, such person, within 10 days after the date of the finding, shall give notice of the finding in writing to the county clerk of the county in which the money or goods was found. Within 20 days after the date of the finding, the finder of the money or goods shall cause to be published in a newspaper of general circulation in the county a notice of the finding once each week for two consecutive weeks. Each such notice shall state the general description of the money or goods found, the name and address of the finder and final date before which such goods may be claimed.

"(2)   If no person appears and establishes ownership of the money or goods prior to the expiration of three months after the date of the notice to the county clerk under subsection (1) of this section, the finder shall be the owner of the money or goods."

The difficulty with defendant's argument is that, even assuming that the various "finders-keepers" laws do in fact create a "safe-harbor" period in which a person cannot be found guilty of theft of lost or mislaid property, an issue we do not decide, defendant is not able to avail herself of that protection. That is because the "finders-keepers" laws only apply if the owner of the money or goods is unknown. *State v. Vanburen*, 262 Or App 715, 721, 337 P3d 831 (2014) (citing *State v. Pidcock*, 306 Or 335, 340, 759 P2d 1092 (1988) ("If the owner is known, ORS 98.005 does not apply.")). Legally sufficient evidence supported the trial court's finding that defendant "saw the person that dropped" the money before she picked up the envelope; that is, a factfinder could find (and did find) that the owner of the money was known to defendant.

As to defendant's second assignment of error, arguing that the trial court misinterpreted ORS 164.065, even assuming that that assignment of error was preserved, any error was harmless: The trial court found defendant saw the person who dropped the money, and as noted, the "finders-keepers" laws only apply if "the owner of the money or goods is unknown." *Vanburen*, 262 Or App at 721; *Scatamacchia*, 323 Or at 36 (affirming despite instructional error where there was "little likelihood" the error "affected the outcome").

Affirmed.