264 September 25, 2024 No. 687

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

TRAVELL LAMONTE BRADFORD,
*Defendant-Appellant.*

Clackamas County Circuit Court
22CR44671; A180230

Kathie F. Steele, Judge.

Submitted August 29, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Daniel C. Silberman, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Kyleigh Gray, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Egan, Judge, and Kamins, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

In this criminal appeal, defendant assigns error to the trial court's denial of his motion for a judgment of acquittal, arguing that the record lacked sufficient evidence to support his conviction for second-degree disorderly conduct.[1] Because, viewing the evidence in the light most favorable to the state, a reasonable factfinder could find defendant guilty beyond a reasonable doubt, we affirm. *See State v. Wakefield*, 292 Or App 694, 695, 425 P3d 491 (2018) (stating standard of review).

Defendant's narrow argument is that his behavior did not create a risk of *public* inconvenience, annoyance, or alarm as required by ORS 166.025,[2] because there was insufficient evidence "to infer that the general public could have been disturbed by the altercation." But the state presented sufficient evidence from which a reasonable factfinder could find that defendant consciously disregarded a substantial risk that members of the public could have witnessed defendant's behavior and been inconvenienced, annoyed, or alarmed by that behavior. *See State v. Davis*, 303 Or App 90, 96, 462 P3d 295, *rev den*, 366 Or 827 (2020) ("the mental state component of disorderly conduct requires an intent to cause, or a reckless disregard of the risk of causing, *public* inconvenience, annoyance or alarm" (emphasis in original)). Specifically, the record contains evidence that defendant engaged in a verbal and physical altercation in a public parking lot at a bar—located near a street, several businesses, and an apartment complex—in the early morning hours. Additionally, multiple witnesses testified that there were other people inside the nearby bar besides defendant and his associates.

---

[1] After defendant waived his right to a jury trial, the trial court found him guilty of unlawful entry into a motor vehicle, ORS 164.272; fourth-degree assault, ORS 163.160; and second-degree disorderly conduct, ORS 166.025. On appeal, defendant only challenges his conviction for second-degree disorderly conduct.

[2] ORS 166.025(1)(a) defines the offense of second-degree disorderly conduct, as relevant here:

"(1) A person commits the crime of disorderly conduct in the second degree if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, the person:

"(a) Engages in fighting or in violent, tumultuous or threatening behavior[.]"

Defendant nevertheless contends that there was no risk of public inconvenience, annoyance, or alarm, because he was engaged in a private altercation with a small group of people late at night. He argues that this case is similar to *State v. Love*, 271 Or App 545, 553-54, 351 P3d 780 (2015), in which we reversed the defendant's second-degree disorderly conduct conviction, concluding that evidence of a physical altercation confined to the interior of a mobile home with only five people present was not sufficient to prove that the defendant recklessly created the risk of annoying or alarming the public. But, regardless of defendant's view that the encounter was private, and unlike a "private" dispute inside a mobile home described in *Love*, 271 Or App at 555, the evidence of an altercation in a public place near several businesses and an apartment complex, viewed in the light most favorable to the state, is sufficient to permit a reasonable factfinder to conclude that defendant disregarded the risk of inconvenience, annoyance, or alarm to the public. *See State v. Willy*, 155 Or App 279, 283, 963 P2d 739 (1998) (Second-degree disorderly conduct only "requires proof that defendant[] either intended to cause one of those conditions or recklessly created a *risk* of inconvenience, annoyance[,] or alarm to the public[.]" (Emphasis in original.)).

Affirmed.